B. C. SCHRAM, Receiver of First National Bank - Detroit, Respondent, *v.* BESSIE B. COTTON, Appellant.

First Department, June 16, 1939.

*Paul G. Reilly* of counsel [*Allen W. Maddren* with him on the brief; *Earle & Rust,* attorneys], for the appellant.

*Robert L. Loeb* of counsel [*Macfarlane & Monroe*, attorneys], for the respondent.

UNTERMYER, J.   The plaintiff is the receiver, appointed on May 11, 1933, by the Comptroller of the Currency of the United States, of the First National Bank-Detroit, an insolvent national banking association situated in Detroit, Mich.   On May 16, 1933, the Comptroller of the Currency assessed the shareholders of the First National Bank-Detroit, 100 per cent upon their stock to be paid on or before July 31, 1933.

The defendant, a resident of the State of New York, was the owner of 500 shares of the common stock of Detroit Bankers Company (which will be referred to as the holding company), a corporation also organized under the laws of Michigan.   The holding company had acquired a controlling interest in the stock of five banks, including stock of First National Bank-Detroit, by exchange of its own stock for stock of these banks.   The defendant, at one time the owner of 50 shares of the stock of one of these five banks, had received in exchange the 500 shares of Detroit Bankers Company stock.   Under the plan by which she acquired that stock it was provided that " the common stock issued by said corporation [the holding company] shall be subject to the same liability as shares of the capital stock of a bank and/or trust company organized in Michigan and/or the shares of capital stock of a national bank." The articles of association of the holding company likewise contained a provision, printed in full on its stock certificates, reading as follows:   " The holder of each share of common stock of this corporation shall be individually and severally liable for such stockholder's ratable and proportionate part (determined on the basis of their respective stockholdings of the total issue and outstanding stock of this corporation) for any statutory liability imposed upon this corporation by reason of its ownership of shares of the capital stock of any bank or trust company, and the stockholders of this company, by the acceptance of their certificates of stock of this company, severally agree that such liability may be enforced in the same manner and to the same extent as statutory liability may now or hereafter be enforceable against stockholders of banks ·or trust companies under the laws under which said banks or trust companies are organized to operate."

The present action, commenced on May 2, 1938, is maintained upon the theory, *first,* that the defendant as a stockholder of the holding company is in fact the beneficial owner of an aliquot proportion of the stock of its subsidiary, First National Bank-Detroit, and thus subject to a statutory liability for her proportion of the

assessment thereon; *second*, that under the articles of association printed on the certificate the defendant is liable on the contract for her proportion of the assessment against the holding company. On the motion for summary judgment, however, the plaintiff disclaimed any purpose to enforce the defendant's alleged statutory liability against which it is conceded the Statute of Limitations has run and asserted only a claim on her contractual obligation to pay her proportion of the assessment against the holding company.

The defendant resisted the motion for summary judgment and moved for judgment on the pleadings dismissing the complaint on the ground that the action, not having been commenced within three years after the date of the assessment against the holding company, was barred by the Statute of Limitations (Civ. Prac. Act, § 49, subd. 4) applicable to " an action against a director or stockholder of a moneyed corporation, or banking association, to recover a penalty or a forfeiture imposed, or to enforce a liability created by the common law or by statute." The plaintiff contends that the action is on contract and, therefore, maintainable within six years under subdivision 1 of section 48 of the Civil Practice Act applicable to " an action upon a contract obligation or liability express or implied."

Even though the obligation sought to be enforced by the motion for summary judgment is upon contract (*Barbour* v. *Thomas*, 86 F. [2d] 510; *Backus* v. *Connolly*, 268 Mich. 495; 256 N. W. 496), we think it is subject, nevertheless, to the same period of limitation as the statutory liability. In assuming that contractual obligation the defendant had the right to prescribe " a shorter limitation " within which the action might be maintained. (Civ. Prac. Act, § 10, subd. 1.) We are of opinion that she has done so in the present case and that the defendant's contract does not impose upon her, as a stockholder of the holding company, nor was intended to impose, a liability more extensive than could have been asserted against the holding company, as a stockholder of First National Bank-Detroit. By the contract the defendant agrees to be liable for her share of " any statutory liability imposed upon this corporation [the holding company] by reason of its ownership of shares of the capital stock of any bank or trust company," but that undertaking is qualified by the provision that it " may be enforced *in the same manner and to the same extent as statutory liability may now or hereafter be enforceable against stockholders of banks or trust companies* under the laws under which said banks or trust companies are organized to operate." The conclusion is unavoidable that, in so providing, the stockholders of the holding company intended that the enforcement of these

contractual rights should be subject to the same restrictions, including any limitation as to time, as the statutory liability of the corporation which they contracted to pay.

We are aware that in *Schram* v. *Smith* (97 F. [2d] 662) the United States Circuit Court of Appeals for the Ninth Circuit has held otherwise. That decision proceeds exclusively upon the theory that the liability is contractual in character and disregards, as it seems to us, the limitations imposed by the provisions of the contract.

The order granting plaintiff's motion for summary judgment and the judgment entered thereon should be reversed and the motion denied, and the order denying defendant's motion for judgment on the pleadings should be reversed and the motion granted, with costs to the appellant.

MARTIN, P. J., O'MALLEY, TOWNLEY and DORE, JJ., concur.

Order granting plaintiff's motion for summary judgment and the judgment entered thereon unanimously reversed and the motion denied, and the order denying defendant's motion for judgment on the pleadings reversed and the motion granted, with costs to the appellant.